## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 09-02048** |
| | **Chapter 7** |
| **PMC MARKETING CORP** | |
| | **Adversary No. 12-00086** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS** | |
| **Plaintiff** | |
| **vs.** | |
| **PDCM ASSOCIATES** | |
| | **FILED & ENTERED ON 12/23/2013** |
| **Defendants** | |

### OPINION AND ORDER

Before this Court is Defendant's Motion for Summary Judgment [Dkt. No. 33] and Plaintiff's Opposition to Summary Judgment and Countermotion for Summary Judgment [Dkt. No. 43]. For the reasons set forth below, the Defendant's Motion for Summary judgment is hereby GRANTED.

PMC Marketing, Inc. ("Debtor") filed a petition for bankruptcy relief in March 19, 2009. PDCM Associates, S.E. ("Defendant") leased several real properties to Debtor for the operation of its businesses. Within the 90-day preferential period, Debtor made several payments required under the lease contracts. Debtor's Chapter 7 Trustee and Plaintiff herein, Ms. Noreen Wiscovitch-Rentas ("Plaintiff") presented the current avoidance action on February 29, 2012 pursuant to 11 U.S.C.A. § 547. With this action, the Plaintiff seeks to avoid the transfers made as lease payments for three real

properties: Victory Shopping Center ($34,359.52), Rio Grande Plaza ($32,335.34), and Corozal Plaza Shopping Center ($30,257.98). In her Opposition to the Defendant's Motion for Summary Judgment, Plaintiff recognized that because the leases for Victory Shopping Center and Rio Grande Plaza were assumed and later sold, she may not avoid the transfers made with regards to those two properties. However, Plaintiff requests the avoidance of the transfer of $30,257.98 that served as payment for the rent and maintenance fees for the Corozal Plaza Shopping Center property. In its Motion for Summary Judgment, Defendant argues that the Debtor continued to occupy the property and, therefore, received subsequent new value as described in 11 U.S.C.A. § 547(c)(4), thereby relieving it of the obligation to return the otherwise avoidable transfer. In her response, Trustee avers that the subsequent new value defense is not applicable because the credit was provided post-petition.

The role of summary judgment is well established by the Federal Rules of Civil Procedure. The relevant case law in this Circuit stands unchallenged. "It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law." In re Varrasso, 37 F.3d at 763 (citing Fed. R. Civ. P. 56(c)). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The motion for summary judgment before this Court presents us with the question: Can the continued use of a real property after the lessee fails to comply with his payment obligation be understood to be "new value" under 11 U.S.C.A. § 547(c)(4)? This Court finds that Southern

Technical College, Inc. v. Hood, 89 F .3d 1381 (8th Cir. 1996) is persuasive. There, the debtor, a college institution, failed to timely make its payments for the lease of nonresidential real property. Said payments were made one month later. After it sought bankruptcy relief, the debtor college filed a complaint to seek out the avoidance of the late payments made to the lessor during the preferential period. The court granted summary judgment to the defendant, holding that, even though the payments sought to avoid were indeed preferential transfers, the debtor had received subsequent new value for the payments for which avoidance was sought. The District Court affirmed the bankruptcy court and the issue was further appealed to the Court of Appeals for the 8th Circuit. The Court of Appeals determined that a lessee receives new value from its lessor when it continues to use and occupy the rented property. The subsequent late payment of the rent owed will not be avoidable, even when it is a preferential transfer, if the continued use occurred before the filing for bankruptcy relief and after the preferential transfer.

The factual similarity between Hood and the case at bar enables this Court to apply the same legal analysis that was employed there. In the instant case, the Debtor received two months of continued use, in essence rent free, of the leased property even when it failed to pay the required rent and maintenance fees. Afterwards, but still pre-petition, the Debtor tardily paid the rent and maintenance owed to the lessor. The Trustee's avoidance action ensued. Being as there is no trial-worthy issue of law, this Court determines that the transfers made as late payment of rent and maintenance fees by the Debtor, where it remained in continued use of the property, are unavoidable transfers even though they were made during the preferential period. The Debtor received subsequent new value as defined in Section 547(c)(4), consisting of the continued use of the nonresidential real property. This, in turn, benefited the Debtor by allowing it to continue its business operations in the

property.

WHEREFORE, IT IS ORDERED that the Defendant's Motion for Summary Judgment shall

be, and hereby is, GRANTED, and the Complaint is dismissed with prejudice.

SO ORDERED

San Juan, Puerto Rico, this 23rd day of December, 2013.

Brian K. Tester
U.S. Bankruptcy Judge